## Republican League of Lackawanna County Charter

*Alex Marcus*, for applicants.
*J. J. Levy*, for qualified electors of Republican Party.

HOBAN, P. J., July 30, 1948.—The court refused to sanction the incorporation of this organization under the original statement of purpose in the articles, which included a political purpose. Thereupon, counsel for the incorporators stipulated in writing on behalf of petitioners that the objectionable purpose should be stricken from the record and that the articles should be amended so that the purpose clause would read as follows:

"3. The object and general purpose of the corporation shall be to encourage and foster:

"(a) The active interest of its members in the civic, commercial, social and moral welfare of his or her community;

"(b) The social and intellectual enjoyment of its members."

These purposes are certainly not injurious to the community and are certainly expressive of the objectives of an organization formed for the purpose of general civic and social activities. It must be remembered that a statement of purpose in articles of incorporation does not operate as a grant of power. The powers of a corporation are regulated by the Nonprofit Corporation Law itself.

Objection is made that all the incorporators named in the articles, some 97 in number, have not indicated their sanction to this amendment of the articles. However, the same five incorporators who acknowledged the original articles have joined in the petition to amend and their joinder has been duly acknowledged and filed of record. It seems to me that this is sufficient to satisfy the requirements of the law. A mere deletion of a purpose which the court considered to be objectionable on legal grounds does not in effect work a change in the nature of the corporation to the extent that would require a formal ratification by all of the incorporators. The five incorporators have ac-

knowledged the original articles and have by formal acknowledgment joined in the request for amendment, and I apprehend that such a joinder ought to satisfy the court as to the propriety of the application for amendment.

As amended, therefore, the articles of incorporation are considered to be in proper form and within the provisions of the Nonprofit Corporation Law, and the purpose given in the articles as amended is a lawful one and not injurious to the community. A decree of incorporation will be filed as of this day.

### Decree

Now, July 30, 1948, upon consideration of the application, the articles of incorporation, the proofs of publication and the certificate of the Department of State of the Commonwealth of Pennsylvania of registration of the corporate name, the court hereby finds the articles as amended to be in proper form and within the provisions of the Nonprofit Corporation Law; that the following purposes are stated in the articles as amended as follows:

"3. The object and general purpose of the corporation shall be to encourage and foster:

"(a) The active interest of its members in the civic, commercial, social and moral welfare of his or her community;

"(b) The social and intellectual enjoyment of its members";
that the said purposes are lawful and not injurious to the community.

Therefore, it is ordered and decreed that the articles of incorporation, as amended by the stipulation filed July 23, 1948, are approved, and that upon the recording of the articles as amended and this order, the corporation shall come into existence for the purposes and upon the terms stated therein.